Ward Merdes
P.O. Box 71309
Fairbanks, AK 99707-1309
452-5400 / 452-8879 (f)

LODGED
DEC 0 ) 2005
FAIRBANKS

FILED
JAN 0 6 2006
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

F05-22 RRB

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

RALPH WAYNE HUYCK,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Case No. 4FA-05-     Civ.

AMENDED CIVIL COMPLAINT FOR
BREACH OF CONTRACT AND DAMAGES

Ralph Wayne Huyck, (Ralph), through undersigned counsel, complains against defendant Allstate Insurance Co., Inc., (Allstate) as follows.

JURISDICTION

1. Ralph lives in Alaska and submits to the full jurisdiction of this Court;

2. Defendant Allstate is licensed to sell insurance in Alaska, purposefully avails itself of Alaskan commerce, and submits to this Court's full jurisdiction;

3. All facts giving rise to this action took place in Alaska so this Court has jurisdiction pursuant to AS 09.05.015, AS 22.10.020 and otherwise;

COMMON FACTS

4. On 08/02/02, defendant Allstate insured Ralph W. Huyck pursuant to Allstate Deluxe Mobile home policy number 907108861 that covered the "actual cash

value" of his 1983 Marlett mobile home, $4,000.00 coverage for improvements made to the mobile home, and $68,000.00 coverage for personal property protection;

5. Ex. 1 is an authentic and complete copy of Mr. Huyck's Allstate Deluxe Mobile home policy number 907108861 and declaration sheet covering 08/01/03;

6. On Thursday, July 31, 2003 at approximately 1:00 a.m., Ralph Huyck flew to Arizona for a job interview. Earlier in the week, Ralph had asked close friend and former nanny, Donna Weaver, to check on his home during his absence;

7. On the evening of July 31, 2003, Donna Weaver went to Ralph's home. She used Ralph's computer to practice her computer skills. While there, she developed a headache; (Ex. 2, pages 2-3 - 10/9/03 Examination Under Oath of Donna Weaver, pages 14-15)

8. Donna Weaver's headache continued, turning into a full-blown migraine. It had been helpful in the past for Donna Weaver to eat something during a migraine spell. She began to prepare something to eat on the stove; (Ex. 2, pages 3, 9-11 – Examination pages 15, 29-30, 32)

9. Donna Weaver's migraine became steadily worse. She felt nauseous and needed to return home to take medication. It is unclear whether or not Donna Weaver turned the stove off prior to leaving; (Ex 2, pages 3, 4-8, 10, 11 - Examination pages 15, 19-21, 24-25, 30, 32)

10. Donna Weaver's migraine continued and therefore she remained home in bed all day Friday, August 1, 2003. In fact, she remained home, in bed all weekend; (Ex. 2, page 9 – Examination page 29)

11. At 1:47 a.m. on August 2, 2003, personnel from Steese Volunteer Fire Department received a call advising of a fire at #59 in Wildwood Mobile Home Court; (Ex. 3, page 3 – Steese Area Volunteer Fire Department Incident Report)

12. Personnel arrived at the home of Ralph Huyck, #59 Wildwood Mobile Home Court, thirteen minutes later at 2:00 a.m.; (Ex. 3)

13. The firefighters determined that the stove had been left on, igniting paneling in the kitchen; (Ex. 3, page 2)

14. The fire was extinguished successfully;

15. Ralph Huyck returned home the morning of August 3, 2003 to find the burned remains of his home; (Ex. 4, page 2-4 - 9/30/03 Examination Under Oath of Ralph Huyck, pages 82, 86, 88)

16. Ralph Huyck filed a fire loss claim with his insurer, Allstate, pursuant to Allstate's promise to indemnify for losses arising due to "fire or Lightning";

## COUNT I
[Breach of Contract]

17. All prior allegations are re-alleged;

18. Ralph Huyck has fully and completely cooperated with Allstate in all aspects of its investigation, satisfying all conditions incident to his right to collect the insurance sought herein;

19. Shortly after August 2, 2003, an Allstate Investigator concluded that the fire was not accidental; (Ex. 5 – 10/9/03 Susan Mack Letter)

20. On October 30, 2003, Ralph Huyck, through his attorney Mark Merdes, requested a copy of the fire report to investigate the allegations of arson; (Ex. 6 – 10/30/03 Mark Merdes Letter)

21. On November 5, 2003, Allstate's investigator, Charley Wiseman, threatened and attempted to coerce Donna Weaver into changing her sworn statements taken during her 10/09/03 Examination Under Oath. He threatened that if she did not change her statement to implicate Mr. Huyck as an arsonist, she would go to jail; (Ex. 7 – Affidavit of Donna Weaver)

22. On November 11, 2003, Susan Mack advised that Allstate was still investigating the fire loss claim; (Ex. 8 – 11/11/03 Susan Mack Letter)

23. Allstate denied the claim, stating that the fire was intentionally set, that Mr. Huyck had committed insurance fraud, and that Mr. Huyck had conspired with Donna Weaver to burn down his mobile home; (Ex. 9 – 11/13/03 Charley Wiseman Letter to Mark Merdes)

24. On November 19, 2003, Ralph Huyck, through his attorney, asked for reconsideration of Allstate's denial and again asked for the basis of their suspicions of arson; (Ex. 10 – 11/19/03 Mark Merdes Letter)

25. Mark Merdes sent a second letter November 19, 2003, requesting that Allstate administer a polygraph test of Ralph to clear their suspicions; (Ex. 11 – 11/19/03 Mark Merdes Letter)

26. Susan Mack responded to Mark Merdes' 11/19/03 letters by stating that the claim had been reported to the State of Alaska Division of Insurance and that all further questions should be directed to Rick Jones at the Division of Insurance; (Ex. 12 – 12/2/03 Susan Mack Letter - Received 12/8/03)

27. On 12/9/03, Steese Volunteer Fire Department's Fire Chief, Mitch Flynn executed an affidavit in which he stated that there appeared to be no sign of accelerant or residual fuel smell; (Ex. 13 – Affidavit of Mitch Flynn)

28. On 12/9/03, Steese Volunteer Fire Department's Duty Officer, Kim Fernandes executed an affidavit in which she stated that there appeared to be no sign of accelerant or residual fuel smell. She also stated that there were a lot of valuables in the home and it was her belief that the fire was an average structure fire with no obvious trace of accelerant; (Ex. 14 – Affidavit of Kim Fernandes)

29. Allstate Insurance refuses to cover the loss, even in light of the affidavits of Fire Chief, Mitch Flynn, and Duty Officer, Kim Fernandes;

30. Allstate Insurance refuses to provide documentation it claims to have in support of their denial and allegations of insurance fraud;

31. On January 9, 2004, Elizabeth Huyck, ex-wife of Ralph Huyck, executed an affidavit wherein she states that in early November 2003, she provided a sworn statement to Allstate Insurance implicating Ralph Huyck as conspiring with Donna Weaver to deliberately set fire to his home. Her January 9, 2004 affidavit further states that Elizabeth felt pressured by Allstate to make such statements. She also states that she was on medication at the time the sworn statement was taken and she now recants all statements made then; (Ex. 15)

32. Allstate Insurance continues to deny coverage;

WHEREFORE, Ralph prays for relief as follows:

(1) for damages in the amount of 74, 999.00;

(2) for costs, interest and attorney's fee in being forced to bring this action; and

HUYCK v. ALLSTATE
AMENDED CIVIL COMPLAINT
PAGE 5

(3) for such other and further relief as the Court may deem just and equitable in the circumstances.

DATED this 20th day of December, 2005.

          MERDES & MERDES, P.C.
          Attorneys for Ralph Huyck

          _____
          Ward Merdes – ABN 8906027