**Law Offices of**

# Merdes & Merdes, P.C.

Edward Merdes, 1926 -1991
Mark Merdes, Esquire
Ward Merdes, Esquire
Joan Merdes, Paralegal/LVN
Lori Merdes, Paralegal

Sherrie Merdes, Paralegal
Audrey Dean, Paralegal
Rebecca Van Hove, Paralegal
Linda Joyce, Paralegal
Peggy Freeland, Receptionist

November 19, 2003                    Faxed & Mailed: (907) 276-5291

Ms. Susan Mack, Esq.
Wilkerson & Associates, P.C.
310 K Street, Suite 405
Anchorage, AK 99501

*FILE COPY*

Re:   Our Client & Allstate Insured: Ralph Huyck
      Claim No.: 3322946835: Fire Loss: 08/01/03

Dear Ms. Mack:

We were startled to receive Allstate's 11-13-03 letter on 11-17-03 denying Ralph's mobile home loss. Ralph Huyck is a long term policyholder who does not want to submit a fraudulent claim. He needs your help more than ever, and, frankly, so do I in rendering him advice. I'd ask that you reconsider your position on the claim; at the very least, I'd ask that you put your insured on equal footing by telling him everything you know or think you know about this fire, that leads to Allstate's allegations. Ralph needs to be able to address any points that need his clarification and to remedy any defects in his proof of loss. Otherwise, he would be forced to be a victim of first the fire, then of unjust accusations by his insurer—the one that is supposed to assist him in the claim process. Can you help him accomplish this?

Ralph relied on Allstate's help in compiling his personal property inventory. Ralph was told to list everything lost in the fire even if there are no receipts. Ralph did so as best he could according to Allstate's instructions. Ralph stated in his exam under oath that he "guessed" at the cost. Thus, he submitted his best guess, from memory, at his cost of the loss. He did not fill in the "Amount of loss claimed" column on the inventory sheet because he did not know what to claim there. He did not claim this 'guesstimated' cost listing was his loss. He said it was his guess at his cost. Ralph did not then and does not now want to claim something that he isn't entitled to. He needs Allstate's help to determine the actual value of his loss.

Ralph did not conspire to burn his mobile home, so he needs Allstate's help to understand and respond to these allegations and denial. Please respond to the following requests to help Ralph understand the basis of Allstate's denial so he can that he can provide Allstate with information to secure the coverage he has paid for.

1. What are all the reasons Allstate believes this was an intentionally set fire and/or that Ralph solicited Donna Weaver to set it?
2. What does Allstate believe are the "true facts and circumstances" Ralph concealed?
3. What does Allstate believe are: (i) the value of Ralph's mobile home; (ii) the value of the contents; and, (iii) how Allstate arrived at these numbers;
4. Please provide a copy of: (i) all interviews and statements in Allstate's possession including Donna Weaver's Exam Under Oath; (ii) all the cause and origin reports in Allstate's possession;
5. What documentation would cure Allstate's suspicions that Ralph conspired to burn his mobile home?

MERDES & MERDES, P.C.

*[signature]*
Mark Merdes

Ex 10
Page 1 of 2

455 3rd Ave, Suite 225 • PO Box 71309 • Fairbanks, AK 99707

## Transmission Report

| | | |
|---|---|---|
| Date/Time | 11-19-2003   01:38:32 p.m. | Transmit Header Text |
| Local ID 1 | 907 4528879 | Local Name 1   MERDES |
| Local ID 2 | | Local Name 2 |

This document : Confirmed

(reduced sample and details below)

Document size : 8.5"x11"

*Law Offices of*

# Merdes & Merdes, P.C.

Edward Merdes, 1926-1991
Mark Merdes, Esquire
Ward Merdes, Esquire
Jana Merdes, Paralegal/LVN
Lori Merdes, Paralegal

Sherrie Merdes, Paralegal
Audrey Dean, Paralegal
Rebecca Van Hove, Paralegal
Linda Joyce, Paralegal
Peggy Presland, Receptionist

November 19, 2003                              Faxed & Mailed: (907) 276-5291

Ms. Susan Mack, Esq.
Wilkerson & Associates, P.C.
310 K Street, Suite 405
Anchorage, AK 99501

Re:  Our Client & Allstate Insured: Ralph Huyck
     Claim No.: 3322946835; Fire Loss: 08/01/03

Dear Ms. Mack:

We were startled to receive Allstate's 11-13-03 letter on 11-17-03 denying Ralph's mobile home loss. Ralph Huyck is a long term policyholder who does not want to submit a fraudulent claim. He needs your help more than ever, and, frankly, so do I in rendering him advice. I'd ask that you reconsider your position on the claim; at the very least, I'd ask that you put your insured on equal footing by telling him everything you know or think you know about this fire, that leads to Allstate's allegations. Ralph needs to be able to address any points that need his clarification and to remedy any defects in his proof of loss. Otherwise, he would be forced to be a victim of first the fire, then of unjust accusations by his insurer—the one that is supposed to assist him in the claim process. Can you help him accomplish this?

Ralph relied on Allstate's help in compiling his personal property inventory. Ralph was told to list everything lost in the fire even if there are no receipts. Ralph did so as best he could according to Allstate's instructions. Ralph stated in his exam under oath that he "guessed" at the cost. Thus, he submitted his best guess, from memory, at his cost of the loss. He did not fill in the "Amount of loss claimed" column on the inventory sheet because he did not know what to claim there. He did not claim this 'guesstimated' cost listing was his loss. He said it was his guess at his cost. Ralph did not then and does not now want to claim something that he isn't entitled to. He needs Allstate's help to determine the actual value of his loss.

Ralph did not conspire to burn his mobile home, so he needs Allstate's help to understand and respond to these allegations and denial. Please respond to the following requests to help Ralph understand the basis of Allstate's denial so he can that he can provide Allstate with information to secure the coverage he has paid for.

1. What are all the reasons Allstate believes this was an intentionally set fire and/or that Ralph solicited Donna Weaver to set it?
2. What does Allstate believe are the "true facts and circumstances" Ralph concealed?
3. What does Allstate believe are: (i) the value of Ralph's mobile home; (ii) the value of the contents; and, (iii) how Allstate arrived at these numbers;
4. Please provide a copy of: (i) all interviews and statements in Allstate's possession including Donna Weaver's Exam Under Oath; (ii) all the cause and origin reports in Allstate's possession;
5. What documentation would cure Allstate's suspicions that Ralph conspired to burn his mobile home?

MERDES & MERDES, P.C.

*Mark Merdes*

455 3rd Ave., Suite 225 • P.O. Box 71309 • Fairbanks, AK 99707 • (907) 452-5400 • Fax (907) 452-8879
Toll Free (866) 452-3741 • www.merdes.com

Ex 10
Page 2 of 2

| Total Pages Scanned : 1 | | | Total Pages Confirmed : 1 | | | | | |
|---|---|---|---|---|---|---|---|---|
| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
| 001 | 745 | 907 276 5291 | 01:37:44 p.m. 11-19-2003 | 00:00:46 | 1/1 | 1 | EC | HS | CP14400 |

Abbreviations:
HS: Host send          PL: Polled local      MP: Mailbox print    TU: Terminated by user
HR: Host receive       PR: Polled remote     CP: Completed        TS: Terminated by system    G3: Group 3
WS: Waiting send       MS: Mailbox save      FA: Fail             RP: Report                  EC: Error Correct