Rebecca J. Hozubin, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Rebecca@wilkersonlaw.net
AK Bar # 9806016

Attorneys for Defendant Allstate

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| RALPH WAYNE HUYCK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALLSTATE INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 4FA-05-1992 CI |

**ANSWER**

COMES NOW defendant, Allstate Insurance Company, by and through counsel, Wilkerson, Hozubin & Burke, and hereby answers plaintiff's Complaint as follows:

JURISDICTION

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits it is licensed in Alaska and that it avails itself of Alaska Commerce. Defendant denies that it submits to this court's full jurisdiction.

3. Defendant admits the facts giving rise to this action took place in Alaska, and that this court is an appropriate

jurisdiction.  Defendant denies this court has jurisdiction pursuant to AS 22.10.020.  Defendant further denies this court has exclusive jurisdiction.

## COMMON FACTS

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant is without information or belief as to the allegations in paragraph 8, and therefore denies the same.

9. Defendant is without information or belief as to the allegations in paragraph 9, and therefore denies the same.

10. Defendant admits Ms. Weaver claims to have remained home in bed all day Friday, August 1, 2003 and all weekend. Defendant is without information or belief as to the remainder of the allegations in paragraph 10, and therefore denies the same.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the Volunteer Fire Department suspected a cooking stove was left on causing the fire. Defendant denies all other allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

## COUNT I
### [Breach of Contract]

17. Defendant realleges and incorporates, by reference as though fully set forth herein, its answers to paragraph 1 through 16 of plaintiffs' Complaint.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant admits the allegations in paragraph 22.

23. Defendant admits it denied the claim because the fire was intentionally set and Mr. Huyck committed insurance fraud. Defendant denies the remainder of the allegations in paragraph 23.

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27.

28. Defendant admits the allegations in paragraph 28.

29. Defendant admits the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32.

## **Affirmative Defenses**

1. The complaint fails to state a cause of action.

2. Fraud.

3. Plaintiff either set the fire himself or arranged for the fire to be set.

4. The policy does not provide coverage.

5. Waiver.

6. Estoppel.

7. Unclean hands.

8. Illegality.

9. Misrepresentation.

10. Defendant reserves the right to assert such other and further affirmative defenses as may come to its attention during discovery or other preparation for trial of this case.

WHEREFORE, defendant prays for the following relief:

1. A judgment that the plaintiff takes nothing by reason of his complaint against defendant;

2. Dismissal with prejudice of plaintiffs' complaint against defendant;

3. Defendant's costs and attorney's fees for defending this action; and

4. Such other and further relief as the court deems appropriate and just.

DATED this 26th day of January 2006.

        Wilkerson, Hozubin & Burke

By: <u>s/Rebecca J. Hozubin</u>
    310 K Street, Suite 405
    Phone: 907 276-5297
    Fax: 907 276-5291
    E-mail: Rebecca@wilkersonlaw.net
    Attorneys for Defendant Allstate
    AK Bar No. 9806016

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the 26th day of January, 2006, a copy of foregoing Defendant's Answer to Amended Complaint was served electronically and by mail on the following:

Ward Merdes, Esq.
Merdes & Merdes
PO Box 71309
Fairbanks, AK  99707-1309

WILKERSON, HOZUBIN & BURKE

<u>By: s/Rebecca J. Hozubin</u>
1500/137/Pldg/Answer to Amended Complaint