Ward Merdes, Esq.
P.O. Box 71309
Fairbanks, AK 99707
Phone: (907) 452-5400
Fax: (907) 452-8879
E-mail: ward@merdes.com
ABN: 8906027

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH WAYNE HUYCK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | Case No. F05-0022 CV (RRB) |

HUYCK'S REPLY TO OPPOSITION TO
MOTION TO REMAND CASE TO STATE DISTRICT COURT

Allstate's Oppo is well-taken. Had Huyck specified an *ad damnum* in his original 08/01/05 complaint that exceeded $75,000, this case should not be remanded to State District Court. Yet, no such *ad damnum* is found in Huyck's original State Court complaint. Instead, Huyck's original State District Court Complaint seeks only a declaration of coverage, costs, interest, attorney fees and such other and further relief as is just:

> WHEREFORE, Ralph prays for relief as follows:
> (1) for a declaration of coverage that Ralph's policy covered his loss and payment of the same;
> (2) for costs, interest and attorney's fee in being forced to bring this action; and
> (3) for such other and further relief as the Court may deem just and equitable in the circumstances.

08/01/05 State District Court Complaint, pp. 5-6.

Note well that in opposing our original motion for remand, it was Allstate - not Huyck - who suggested that Huyck was seeking more than the jurisdictional limit of this

Court. It was Allstate - not Huyck - that contributed additional valuation evidence,[1] suggesting a claim exceeding $75K. In response, Huyck successfully sought leave to amend his complaint, unequivocally clarifying his intent to seek less than $75K.

If Huyck's amended complaint does not carry the day as clarifying Huyck's original complaint (and Huyck hereby respectfully seeks judicial notice of his intent to limit his claim where there was no original *ad damnum* clause) Huyck's affidavit is annexed. In his affidavit, Huyck again unequivocally limits his claims against Allstate to an amount less than $75K. (Ex .1).

## BOTTOM LINE

We couldn't find any Federal authority governing this situation. It appears that where there is no original *ad damnum* clause, the Court should indeed look to CR 56-type evidence. Huyck respectfully suggests that in a State District Court case, where he sought coverage and included no *ad damnum* clause, this Court should exercise its broad discretion when deciding whether his amended complaint is binding and strong evidence that we belong back in State District Court.

Thank you.

DATED this 8th day of February, 2006.

MERDES & MERDES, P.C.
Attorneys for Ralph Huyck

  s/ Ward Merdes
P.O. Box 71309
Fairbanks, AK 99712
Phone: (907) 452-5400
Fax: (907) 452-8879
E-mail: ward@merdes.com
ABN 8906027

## CERTIFICATE OF SERVICE

I hereby certify that on 2/8/06, a copy of foregoing Reply with exhibit was served electronically on Rebecca Hozubin.

  /s Ward Merdes

---

[1] Allstate offered Huyck's Personal Property Inventory Loss Form with its 10/21/05 Opposition to Motion to Remand as evidence of the "amount in controversy" – coming up with a maximum claimed value of $80,679 (*Id*. at 4). Please note that these documents reference Huyck's "original costs".

Ralph never indicated an "amount of loss claimed". Additionally, some items originally listed as destroyed, were later located. In short, we're looking at a difference of just over $5K, even by Allstate's standards.